IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           No. 1:17-cr-10031-JDB-1

DEWOND ESTES,

    Defendant.

_____

ORDER DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE
_____

    Pursuant to a judgment entered August 23, 2018, the Defendant, Dewond Estes, was sentenced to ninety-six months' imprisonment, to be followed by five years of supervised release, upon a guilty plea to possession with intent to distribute and attempt to possess with intent to distribute fifty grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Docket Entry ("D.E.") 120.) He is currently incarcerated in Bureau of Prisons ("BOP") custody and has a projected release date of October 3, 2023. https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2020). On August 18, 2020, Defendant filed a pro se motion requesting appointment of counsel to assist him in filing a motion for compassionate release. (D.E. 127.) The Court denied the request for counsel but construed the filing as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and directed the Government to respond. (D.E. 128.) As the Government has complied with the Court's order (D.E. 129), this matter is ripe for review.

    Defendant, who is forty-six years old, requests relief in light of the ongoing COVID-19 pandemic on the grounds that he suffers from high blood pressure and Hepatitis C and is, therefore, at an increased risk of developing serious complications should he contract the disease. Currently,

151 inmates and two staff members have perished at BOP facilities nationwide from the virus. https://www.bop.gov/coronavirus/ (last visited Dec. 8, 2020). Understandably, the pandemic has raised alarm bells throughout the United States' federal prison population, prompting a flood of motions for release filed on behalf of the unwilling residents of these institutions, where life in close quarters is the norm.

> Section 3582(c)(1)(A) provides in pertinent part that
>
> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The statute's exhaustion requirement is a "mandatory condition." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). The Government concedes that the exhaustion requirement has been met in this case. Accordingly, the Court will move on to the merits of the request.

The term "may" as used in § 3582(c)(1)(A) "dictates that the compassionate release decision is discretionary, not mandatory." *United States v. Jones*, ___ F.3d ___, 2020 WL 6817488, at *5 (6th Cir. Nov. 20, 2020). The Sixth Circuit has articulated a three-step test for determining whether § 3582(c)(1)(A) relief is appropriate. *Id.* at *6. First, a district court "must 'find' whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)) (brackets omitted). Second, the court "must 'find' whether 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)) (brackets and emphasis omitted). The applicable policy statement is found in U.S.S.G. § 1B1.13. *Id.* Therefore, "if § 1B1.13 is still 'applicable,' courts must follow the [Sentencing] Commission's instructions in § 1B1.13 to determine the prisoner's

2

eligibility for a sentence modification and the extent of the reduction authorized." *Id.* (brackets and some internal quotation marks omitted).  The *Jones* court held that § 1B1.13 "does not 'apply' to cases where an imprisoned person files a motion for compassionate release." *Id.* at *7 (brackets omitted).  Thus, in such cases, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at *9.  At step three, the court is to "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* at *6 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)) (brackets omitted).

Assuming for the sake of argument that extraordinary and compelling reasons warrant release in this case, the Court finds that the applicable § 3553(a) factors do not weigh in favor of such relief.  The § 3553(a) factors include, among other things, the "nature and circumstances of the offense"; the "history and characteristics of the defendant"; and the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . [and] to protect the public from further crimes of the defendant[.]"  18 U.S.C. § 3553(a).  "[I]n a reduction-of-sentence proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."  *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) (quoting *United States v. Keefer*, ___ F. App'x ___, 2020 WL 6112795, at *3 (6th Cir. Oct. 16, 2020)) (internal quotation marks omitted).

According to the Presentence Investigation Report ("PSR"), Defendant's criminal history includes adult convictions for aggravated assault in 1991, when he was seventeen; obstruction of police and/or firemen in 1992; obstruction of police and/or firemen in 1993; disorderly conduct in

3

1994; delivery/manufacture of cocaine in 1995; hindering and obstructing a police officer, two counts of resisting and obstructing an officer, flight from a police officer, and being a habitual offender in 2000; domestic violence in 2011; possessing a short-barreled shotgun/rifle in 2012; hindering and obstructing a police officer and receiving and concealing stolen property in 2014; as well as numerous driving offenses. (D.E. 109 ¶¶ 31-50.)  In addition, he was arrested on various other charges, including drug offenses, armed robbery, and weapons offenses. (*Id.* ¶ 53-60.)  His parole was revoked in 2006 (*id.* ¶ 40) and 2014 (*id.* ¶ 48).  The PSR also documented a long history of drug abuse, including cocaine, heroin, crack cocaine, and methamphetamine/ice.  (*Id.* ¶ 68.)  Estes earned his G.E.D. in prison and had no work experience.  (*Id.* ¶¶ 69-70.)

With respect to the instant offense, the PSR attributed 816.45 grams of methamphetamine/ice to the Defendant.  (*Id.* ¶ 8.)  Based upon a total offense level of 31 and a criminal history category of IV, Estes's guideline imprisonment range was 151 to 188 months. (*Id.* ¶ 76.)  The ninety-six-month sentence imposed by this Court fell substantially below that range.

Since his federal sentence began, Defendant has amassed disciplinary infractions for refusing to work on multiple occasions, refusing to attend educational classes, and fighting. (D.E. 129-1 at PageID 268-69.)

"[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010).  Estes's history involving drugs, weapons, and violence counsels against early release.  In addition, his parole violations and refusals in prison to do his assigned work or attend educational classes appear to exhibit an unwillingness or inability to follow rules or societal norms, traits that would not serve him well if released into the public to navigate governmentally-imposed COVID-19 rules and regulations on

4

his own. Defendant's already below the guideline sentence likewise weighs against a further reduction.

For the reasons articulated herein, the motion is DENIED. The Clerk is DIRECTED to mail a copy of this order to the Defendant at the address listed on the docket.

IT IS SO ORDERED this 9th day of December 2020.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE